UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| L.V. CRAWFORD and YVETTE CRAWFORD, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | )  Case No. 3:09CV247-PPS-CAN ) |
| COUNTRYWIDE HOME LOANS, INC., LAPORTE COUNTY BOARD OF COMMISSIONERS, LAPORTE COUNTY SHERIFF MICHAEL F. MOLLENHAUER, GARY DILK, and JOHN DOE, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiffs L.V. and Yvette Crawford, husband and wife, were evicted from their home in LaPorte, Indiana in May 2009, following foreclosure proceedings in LaPorte County Circuit Court. Their second amended complaint [DE 50] attempts to set forth twenty-two separate claims for relief relating to the foreclosure and eviction.[1] Named as defendants are their mortgage lender Countrywide Home Loans, Inc., the LaPorte County Board of Commissioners, LaPorte County Sheriff Michael Mollenhauer, attorney Gary Dilk, and a John Doe.[2] Now

---

[1] The second amended complaint sets forth each cause of action in a separate numbered paragraph, identifying each claim by an ordinal reference, "First Claim" through "Twenty First Claim." Two distinct "Tenth Claims" are pled, apparently in error.

[2] With the second amended complaint, the Crawfords have filed a motion to add two additional defendants, Bank of America and Foreclosure Solutions. These parties are referenced in the text of the second amended complaint, but are not named in the title of the complaint as required by Fed.R.Civ.P. 10(a). The motion is addressed below.

before the Court are a motion to dismiss filed by defendant Dilk and a separate motion to dismiss filed by LaPorte County's Sheriff and Board of Commissioners.

A foundational requirement of pleading in federal court is that each claim for relief is to be supported by a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

> While a complaint...does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Crawfords' favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader

is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id*. at 1940.

Defendant Gary Dilk's Motion to Dismiss

The second amended complaint identifies defendant Gary Dilk as "an attorney who appeared on behalf of the Crawfords after a third party obtained payment in excess of $900 by the Crawfords to the third party." Complaint [DE 50], ¶9. The "third party" referred to is later disclosed to be putative defendant Foreclosure Solutions, which allegedly retained Dilk to represent the Crawfords in the foreclosure proceedings initiated by Countrywide. *Id.* at ¶12. The Crawfords allege that Dilk represented them at the time of the foreclosure. *Id*. at ¶15. These are the only three references to Dilk by name in the 18-page second amended complaint.

Dilk contends that the Crawfords fail to plead facts sufficient to put him on notice of the basis for the claim against him, fail to allege a viable legal theory supporting recovery against him, and have admitted the merits of the underlying foreclosure action by conceding that they failed to make mortgage payments in the amount required by the state court's order. Dilk renewed his previously-filed motion to dismiss [DE 23] after the filing of the second amended complaint [DE 56].

As the two complaints preceding it, the Crawfords' second amended complaint is a legal morass. Most of its twenty-two causes of action are set forth without supporting explanation of how particular facts are alleged to form the basis for relief under the particular legal theory relied upon. The identity of the particular defendants named in each claim is often difficult to discern. The Crawfords' sweeping assertion that the defendants generally "have proceeded in a way that

3

is confusing, contradictory, and misleading as to the liability and status of the Crawfords" does not a viable legal claim make. *Id*. at ¶23.

In opposition to Dilk's renewed motion [DE 65], the Crawfords identify a number of the claims pled in the second amended complaint which they believe state a claim against Dilk sufficient to pass his motion to dismiss under Fed.R.Civ.P. 12(b)(6). In so doing, the Crawfords merely reiterate the wording of the pleading itself to re-assert, as against Dilk, the following claims: their Second Claim, Fifth Claim, Sixth Claim, Fifteenth Claim, Sixteenth Claim, Seventeenth Claim, Nineteenth Claim, Twentieth Claim and Twenty-First Claim. As the Supreme Court has stated, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. The "threadbare recitals" of each of these claims as stated in the second amended complaint fail entirely to move the claims from conceivable to plausible, and thus are insufficient to state a claim. *Id.* at 1950–51.

The Crawfords' Second Claim, as set forth in ¶25, fails to state a claim for relief because, on its face, it literally states only that there "is a dispute between the parties as to their respective rights, obligations, and liabilities concerning the property, the mortgage, and associated note." Although the third (and final) sentence of the Second Claim attempts to specify a number of "issues" involved in the dispute, the language makes no allegation of actionable conduct on the part of any defendant in violation of any particular law or legal principle. The Fifth Claim similarly asks for a determination of the parties' rights, obligations, and liabilities, this time "under the law of the State of Indiana," including the "Constitution of Indiana and...Indiana statutory and common law." *Id*. at ¶28. This sweeping request for judicial review and analysis of the parties' interactions fails to state a claim particular enough for relief to be considered.

4

The Sixth Claim alleges that "Defendants did not act in good faith as required by the Uniform Commercial Code," although this statement is then supported by two sub-paragraphs of text identical to that under the Fifth Claim in the preceding paragraph. *Id*. at ¶29(a)&(b). What might have been a straightforward assertion of a claim under the UCC is further muddied by a third sub-paragraph containing broad generalizations about the mortgage and associated note's legality "under federal and state law" and whether actions taken by Countrywide or Bank of America are "unconscionable or otherwise illegal." *Id*. at ¶29(c). No facts are pled that could give rise to liability on the part of attorney Dilk under the Uniform Commercial Code. The Fifteenth Claim asserts that all defendants have breached contracts of which the Crawfords are intended third-party beneficiaries. To the extent this could be construed as a reference to the contract by which Foreclosure Solutions retained Dilk to represent the Crawfords, the second amended complaint contains no factual allegations as to the manner of any breach of that contract by Dilk.

No viable theory of relief against Dilk is offered to support the remaining claims identified by the Crawfords as applicable to Dilk. The Sixteenth Claim asserts that all defendants have failed to act in good faith as required by I.C. 26-1-203.[3] The Seventeenth Claim alleges that all defendants have violated Titles II and III of the Americans with Disabilities Act by discriminating against the Crawfords on the basis of their disabilities in the manner in which the foreclosure and eviction were effected. The Nineteenth Claim contains the allegation that all defendants have acted, or caused other defendants to act, in violation of Article I, section 12 of the Indiana Constitution, "in that they have violated due course of law." Complaint, ¶43. The

---

[3] This reference is presumably intended as to I.C. 26-1-9.1-203, which addresses attachment and enforceability of a security interest against collateral.

Twentieth Claim asserts that all defendants have acted, or caused other defendants to act, in violation of the equal rights and privileges provision of Article I, section 23 of the Indiana Constitution. Finally, in the Twenty-First Claim, the Crawfords allege that all defendants are liable under the Fair Housing Act, 42 U.S.C. §3612, for discriminating against them on the basis of race and handicap.

Neither the pleading on its face, nor the Crawfords' response to Dilk's motion to dismiss which merely repeats the pleading's text, offers a factual explanation of conduct by Dilk that might raise a right to relief on any of these legal theories above the speculative level. As to constitutional claims, private attorney Gary Dilk is not a state actor to whom the provisions as to due course of law and equal rights and privileges apply. In his role as the Crawfords' counsel in the foreclosure proceedings, Dilk is not shown by the threadbare pleading to have acted in any manner that might give rise to claims under the Americans with Disabilities Act, the Fair Housing Act, or the Indiana statute governing the enforceability of the lender's security interest against the home as collateral. Each and every one of the nine claims the Crawfords now clarify they assert against Dilk is, as pled in the second amended complaint, nothing more than captious and meritless. None states a claim that is plausible on its face, and I readily conclude that Dilk's motion for dismissal of all claims against him should be granted.

Motion to Dismiss of Defendants LaPorte County Commissioners & Sheriff Mollenhauer

The Board of Commissioners of LaPorte County and the County's Sheriff Michael F. Mollenhauer ("the County defendants") have filed a motion under Rule 12(b)(6) to dismiss the Crawfords' claims against them. Paragraph 7 of the second amended complaint alleges that "Defendant LaPorte County Board of Commissioners is the executive administrative authority of

6

LaPorte County and is responsible for other administrative officers of the County," and also that the Board is a recipient of federal financial assistance within the meaning of 29 U.S.C. §794. [DE 50]. The Board itself is not mentioned again elsewhere in the pleading. Similarly, paragraph 8 alleges that Sheriff Mollenhauer is "responsible for the administration and supervision of the actions of the office of Sheriff" and a recipient of federal financial assistance. Sheriff Mollenhauer's name does not appear again anywhere else in the second amended complaint. The second amended complaint alleges that a John Doe defendant, claiming to be a member of the LaPorte County Sheriff's Department, twice came to the Crawfords' home in advance of the eviction and warned them when the eviction would occur. Complaint [DE 50], ¶¶19 & 20. The Crawfords further allege that they were evicted on May 27, 2009 when officers of the Sheriff's Department arrived with a barking dog and ordered the Crawfords to leave the residence, purporting to act under a Writ of Assistance issued by the LaPorte Circuit Court. *Id*. at ¶22.

The Sheriff and the Board of Commissioners offer several reasons for a dismissal of the claims against them. As a threshold matter they argue that on its face, the second amended complaint does not allege facts sufficient to apprise movants of the basis for the claims against them, and therefore also that the Crawfords' pleading does not allege a viable theory of recovery against them. Next movants contend that their role in effecting the eviction of the Crawfords from their home cannot give rise to movants' liability where the eviction was pursuant to a Writ of Assistance issued by the Circuit Court of LaPorte County after the Crawfords (as they admit) failed to make the court-ordered payments that would have staved off eviction.

The Crawfords' response to the County defendants' motion focuses on their potential liability for disability discrimination, but without identifying a claim among the twenty-two

7

enumerated in their pleading that articulates such a discrimination claim against the Board or the Sheriff. [DE 60]. The Crawfords go on to assert that "at a minimum" their pleading states a claim "for use of excessive force in the eviction." *Id*. at p.4. This argument is unavailing for the plain reason that the second amended complaint makes no reference to or allegation of excessive force. Next by way of response the Crawfords make a general reference to having alleged federal constitutional and federal statutory violations actionable under 42 U.S.C. §1983. *Id.* at p.5. The sole reference in the second amended complaint to §1983 is in ¶24, which contains the First Claim for relief. That claim (after correction for reference to the wrong county circuit court and wrong mortgage lender) is directed only to Countrywide and (if allowed to be added) Bank of America, and contains no facts or theories supporting its application to the County defendants.

The Crawfords next contend in opposition to the motion that they have stated a claim against the Sheriff under the Fair Housing Act. The second amended complaint's Twenty-First Claim alleges that all defendants are liable under the Fair Housing Act for discriminating against them on the basis of race and handicap. Complaint [DE 50], ¶45. The supporting explanation for the cause of action refers solely to Bank of America and Countrywide, and contains no reference to the County defendants. The Crawfords allege that the defendants' acts violated 42 U.S.C. §3604(f)(1) and (f)(3)(B). Section 3604(f)(1) prohibits discrimination on the basis of handicap "in the sale or rental" of a dwelling. Section 3604(f)(3)(B) defines discrimination to include a refusal to make reasonable accommodations necessary to afford equal opportunities to use and enjoy a dwelling.

As the Seventh Circuit has noted, the language of §3604 "indicates concern with activities, such as redlining, that prevent people from *acquiring* property." *Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n*, 388 F.3d 327, 328 (7th Cir. 2004) (emphasis

added). Where plaintiffs are not complaining "about being prevented from acquiring property[,...] it is difficult to see how they can have been interfered with in the enjoyment of any right conferred on them by section 3604," and such a claim under the Fair Housing Act is subject to dismissal for failure to state a claim. *Id*. at 329. Furthermore, where the complaint itself acknowledges that the Sheriff's Department's role in the eviction was pursuant to a court-issued Writ of Assistance, a claim that the Sheriff's Department took action because of the Crawfords' race or handicaps is not supported by the facts pled.

Another claim the Crawfords invoke in their response to the County's motion is their claim under the Indiana Constitution for the violation of their rights to due course of law. This is plaintiffs' Twentieth Claim, asserted in a single sentence as ¶43 of the second amended complaint. Without more (and no more is offered, either in the pleading itself or in the Crawfords' memorandum in opposition to the County defendants' motion), they fail to state a claim based on the mere and entirely conclusory assertion that all the defendants "have violated due course of law." The Crawfords' opposition to the County's motion does not identify any other particular cause of action which they can successfully demonstrate is adequately supported by their pleading to survive a motion under Rule 12(b)(6).

As to the County defendants, the second amended complaint offers no more than the "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court finds to be non-compliant with Fed.R.Civ.P. 8(a)(2). *Iqbal*, 129 S.Ct. at 1949. Furthermore, the pleading does not contain sufficient factual matter, even if accepted as true, to state a legally viable claim against the County defendants that is plausible on its face. For these reasons, the motion to dismiss of the Board of Commissioners and the Sheriff of LaPorte County will be granted.

9

Claim Against John Doe Defendant

The allegations against the John Doe defendant are fully outlined in the above discussion of the County defendants' motion to dismiss. For the same reasons that the second amended complaint fails to state a claim against the Board of Commissioners and the Sheriff of LaPorte County, the complaint also fails to state a claim upon which relief might be granted against the John Doe defendant, whose only alleged conduct was to visit the Crawfords' residence and forewarn them of the eviction to come.

The Crawfords are proceeding *in forma pauperis*, pursuant to 28 U.S.C. §1915 [DE 6]. Pursuant to §1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are authorized under 28 U.S.C. §1915(e)(2) to dismiss, at any time, a claim filed *in forma pauperis* if the action or appeal is frivolous or fails to state a claim upon which relief can be granted. Because the second amended complaint fails to state a claim against the John Doe defendant, the complaint will be dismissed as to him.

Furthermore, the claim against the John Doe defendant is subject to dismissal on procedural grounds as well. Defendant John Doe was named in the original complaint filed on May 29, 2009. [DE 1]. Fed.R.Civ.P. 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant. Dismissal of a John Doe defendant on the court's own motion for plaintiff's failure to timely identify the defendant and obtain service of process within the limits of Fed.R.Civ.P. 4(m) is permissible, even without notice to plaintiff. *Brengettcy v. Horton*, 423 F.3d 674, (7th Cir. 2005).

For all these reasons, the claims against the John Doe defendant will be dismissed pursuant to both Rule 4(m) and Rule 12(b)(6).

Plaintiffs' Motion to Add Additional Defendants

With the second amended complaint, the Crawfords have filed a motion to add two defendants, Bank of America and Foreclosure Solutions [DE 48]. The second amended complaint was filed with leave of Court, in the form of Magistrate Judge Christopher A. Nuechterlein's order of September 16, 2009 [DE 37] granting defendant Countrywide's motion for a more definite statement. The order directed that the Crawfords effect a consolidation of their pleadings in two separate but redundant cases by filing a "single complaint that provides a more definite statement of the factual allegations as to each of the Defendants[.]" In view of the particular context and purpose of Judge Nuechterlein's ruling, the addition of two new defendants falls beyond the parameters of the leave of Court granted by the September 16 order. Therefore, the Crawfords correctly recognize that pursuant to Fed.R.Civ.P. 15(a)(2), the addition of these defendants at this stage of litigation requires leave of Court.

"Although leave to amend should be freely given, Fed.R.Civ.P. 15(a), that does not mean it must always be given. '[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'" *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009), quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Several of these considerations warrant denial of the leave to add defendants sought here.

Defendant Countrywide Home Loans opposes the Crawfords' motion to add Bank of America as a defendant. [DE 52]. Countrywide argues that Bank of America is sought to be added "based on nothing more than its status as a twice-removed parent company of Countrywide." *Id*. at 1. Bank of America was referenced in the initial May 2009 complaint, but not then named as a defendant. In opposition to the Crawfords' current motion, defendant Countrywide notes that its non-party parent company is Countrywide Financial Corporation, the non-party parent company of which is Bank of America Corporation. The second amended complaint merely adds "and BOA" to its assertions previously referencing Countrywide, and contains no allegations particular to Bank of America or supportive of piercing the double-layered corporate veil between defendant Countrywide Home Loans, Inc. and its twice-removed corporate parent, Bank of America. Furthermore, the Crawfords have filed no reply in support of their motion for leave to add defendants, and so have not even attempted to rebut Countrywide's arguments in opposition.

A basic principle of the law of corporations is that "where corporate formalities are substantially observed and the parent does not dominate the subsidiary, a parent and a subsidiary are two separate entities and the acts of one cannot be attributed to the other." *Central States, Southeast and Southwest Areas Pension Fund v. Reimer*, 230 F.3d 934, 944 (7th Cir. 2000). "Generally, courts are reluctant to disregard the corporate entity," and "the burden of proof falls on the party seeking to pierce the corporate veil to establish that the corporate form was so ignored, controlled or manipulated that [one corporation] was merely the instrumentality of another[.]" *National Soffit & Escutcheons, Inv. v. Superior Systems, Inc., 98 F.3d 262, 265 (7th Cir. 1996)*. The Crawfords' effort to add Bank of America is not supported by the addition of any allegations tending to show that Countrywide is the mere alter ego of Bank of America.

Defendant Dilk has also opposed the Crawfords' motion to add parties [DE 56], and, given the factual and legal relationship alleged to exist between Dilk and Foreclosure Solutions, Dilk's successful motion to dismiss the claims against him informs my consideration of the addition of Foreclosure Solutions as a party-defendant. The fact that no claim is adequately stated against defendant Dilk suggests that no claim is stated with respect to Foreclosure Solutions, as to which the second amended complaint alleges only that Foreclosure Solutions hired Dilk to represent the Crawfords.

In considering whether leave to add defendants should be granted, I also note that the Crawfords have violated an important rule of pleading in that the new parties are referenced in the text of the second amended complaint, but are not named in the title of the complaint as required by Fed.R.Civ.P. 10(a). The clear and prominent identification of all parties on the face of a complaint is an important procedural safeguard against confusion in understanding what parties are involved in a particular litigation and in what roles. In addition, no reason is given for the failure to name Bank of America and Foreclosure Solutions as defendants from the inception of the lawsuit in May 2009. Given the Crawfords' apparent knowledge of their connection to the facts underlying the complaint, the delay in seeking to name them as defendants militates against the request.

For all these reasons, the Court is not persuaded to permit the Crawfords to further muddy the already cloudy waters of their pleading -- which has not been clarified by two previous amendments -- by adding Foreclosure Solutions and Bank of America as defendants. The motion to add defendants will be denied. If in future the Crawfords identify an appropriate cause of action against either of these defendants, and are able to proffer an amended pleading

13

containing the factual allegations necessary to support the legal theory relied upon, the Crawfords may again file a motion for leave to amend their complaint.

**Accordingly:**

Defendant Gary Dilk's original **Motion to Dismiss [DE 23]** and **Renewed Motion to Dismiss [DE 56]** are **GRANTED**.

The **Motion to Dismiss** of Defendants LaPorte County and its Sheriff Michael F. Mollenhauer **[DE 53]** is **GRANTED**. Further, the **claim against defendant John Doe** is **DISMISSED** pursuant to Fed.R.Civ.P. 4(m) and Fed.R.Civ.P. 12(b)(6).

Plaintiffs LV and Yvette Crawford's **Motion to Add Additional Parties [DE 48]** is **DENIED**.

The action will proceed as against defendant Countrywide Home Loans, Inc.

**SO ORDERED.**

ENTERED: February __12__, 2010

                                                     /s/ Philip P. Simon
                                                  PHILIP P. SIMON, JUDGE
                                                  UNITED STATES DISTRICT COURT